## Commonwealth v. Arcidiaco.

*Criminal law—Assignment of counsel in murder cases—Medical witnesses —Act of March 22, 1907.*

Under the Act of March 22, 1907, P. L. 31, authorizing the court to allow compensation to counsel assigned to destitute persons upon trial for murder and "all personal and incidental expenses," fees of medical experts cannot be allowed.

Compensation of counsel assigned for defendant in murder case. O. and T. Lackawanna Co., Jan. T., 1921, No. 11.

*Harold A. Scragg*, District Attorney, for Commonwealth.

*Thomas A. Donahoe* and *L. D. Savige*, for defendant.

EDWARDS, P. J.—On a proper affidavit counsel were appointed to represent defendant in a homicide case, to prepare his defence and defend him at the trial. The appointment was made under the provisions of the Act of March 22, 1907, P. L. 31, entitled "An act to provide for the assignment of

3 D. & C.

counsel in murder cases and for the allowance of expenses and compensation in such cases." The trial of the case lasted about a week. The case was well tried. Defendant was found guilty. There was a rule for a new trial pending before a judge from an outside district, but the defendant died before the rule was disposed of.

The counsel assigned have submitted the following bill for approval by the court:

| | |
|---|---|
| Counsel fee, T. A. Donahoe............................ | $200.00 |
| Counsel fee, L. D. Savige............................. | 200.00 |
| E. De Antonio, expert medical testimony on insanity...... | 75.00 |
| John P. Donahoe, expert medical testimony on insanity.... | 75.00 |
| C. E. Thompson, expert medical testimony on insanity..... | 75.00 |
| Dr. E. H. Jackson, X-ray plates........................ | 10.00 |
| | |
| Total.......................................... | $635.00 |

In considering the question of the constitutionality of the said act in the case of Com. *v.* Darmska, 35 Pa. Superior Ct. 580, Judge Henderson incidentally made the following comment: "The specific object is compensation to counsel appointed by the court to defend impecunious prisoners tried for murder. Prior to this enactment, such services were gratuitously rendered, according to the duty which the members of the bar owed to the court and to the public. Human sympathy and a due sense of professional responsibility were considered to be the sufficient motive for action in such cases. The relation of the counsel so appointed was not one of contract with the accused, but was a gratuitous responsibility arising from the official relation of such counsel to the court. The right to compensation was denied because neither at common law nor by any statute was it authorized. This act was passed for the purpose of enabling poverty-stricken persons accused of murder to more fully prepare a defence. Under its provision, the attorneys appointed are not only allowed compensation, but may be reimbursed for their personal and incidental expenses connected with the discharge of the duty imposed."

The act provides that, in addition to the compensation to be allowed counsel for their services, they shall be allowed "all personal and incidental expenses." This latter provision has a very definite and specific meaning. It cannot be misunderstood, and it should be construed according to its ordinary meaning. The Century Dictionary defines the term "incidental" as something "of minor importance; occasional, casual, as incidental expense; something subordinate; often used in the plural to mean minor expenses."

The medical men undoubtedly performed the services referred to in the bill of expenses. There can be no complaint as to their charges; but there is no provision in the law for the payment of these charges by the county. They are not the personal or incidental expenses of counsel.

The foregoing views are the same as those expressed by Judge Carr in Com. *v.* Endrukat, 17 Dist. R. 1049, and by Judge McMichael in Com. *v.* Shults, 18 Dist. R. 1002. In this latter case not only were the fees of expert witnesses disallowed, but the costs of appeal to the Supreme Court and of the paperbook were disallowed.

Now, May 22, 1922, the following fees are ordered to be paid by the county: T. A. Donahoe, $200; L. D. Savige, $200.

From William A. Wilcox, Scranton, Pa.